Clyde Everett HALL,
Petitioner–Appellant,

v.

H.L. WHITLEY; the Attorney General
of the State of Nevada,
Respondents–Appellees.

No. 89–16096.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 1991.[*]

Decided June 3, 1991.

N. Patrick Flanagan, III, Asst. Federal Public Defender, Reno, Nev., for petitioner-appellant.

Robert E. Wieland, Deputy Atty. Gen., for the State of Nev., Carson City, Nev., for respondents-appellees.

Before ALARCON, KOZINSKI and RYMER, Circuit Judges.

PER CURIAM:

Clyde Hall appeals the district court's dismissal of his petition for a writ of habeas corpus. He contends that the district court erred in rejecting his claims of prosecutorial misconduct and ineffective assistance of counsel.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

## A. Failure to Provide Transcripts on Appeal

Because we review the district court's decision de novo, *Allen v. Risley*, 817 F.2d 68, 69 (9th Cir.1987), we must read the transcript of the trial court proceedings. Hall did not provide us with a transcript of the prosecutor's closing argument, upon which he bases his claim of misconduct. Nor did he ensure that the transcript was accessible to us. Under Fed.R.App.P. 10(b)(2) we may dismiss an appeal when an appellant fails to provide us with relevant portions of a transcript. *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991); *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 789–90 (9th Cir.1989).

■ In *Syncom*, the appellant challenged the adequacy of the district court's findings and several of its decisions, but failed to provide a transcript of the trial. 924 F.2d at 169. We dismissed the appeal because we could not review the appellant's principal arguments without the transcript. *Id. Syncom*'s reasoning applies here even though the missing transcript is from Hall's state court trial rather than from the federal district court proceedings. The dispositive factor was that resolution of the appeal required "an examination of the facts elicited at trial." *Id.* at 169. It matters not where that trial was conducted.

The interests of judicial efficiency argue strongly for dismissing Hall's appeal because of his failure to provide us with the materials that we must review in ruling on his claims. *See* Fed.R.App.P. 3(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal."). Having nevertheless obtained a transcript after expending considerable time and effort, we exercise our discretion to review Hall's claims on the merits. We note, however, that we only have a finite amount of time and resources to devote to the many cases before us; we simply do not have the wherewithal to discharge the responsibilities of the parties as well as our own. Litigants should be aware that failure to provide transcripts or other required materials may well result in dismissal of the appeal or other sanctions.

## B. Prosecutorial Misconduct

■ Many of the prosecutorial misconduct claims were procedurally barred because Hall's lawyer did not object to the prosecutor's remarks.[1] ER 15. However, Hall's attorney did object to the prosecutor's references to Hall's heroin use in his rebuttal. RT 8/28/86, at 69–83. We must review that claim on the merits, examining "the entire proceeding[s]" to determine whether the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974). Hall's habeas petition alleges that the prosecutor told the jury "that heroin usage constituted the mens rea of first degree murder." ER 12. While the prosecutor awkwardly attributed the "brazen" nature of the murder to Hall's heroin use,[2] our reading of the record convinces us that the prosecutor never argued that Hall's heroin use satisfied the state of mind element for murder. Put in proper context, the comments were

---

1. Hall cannot obtain habeas relief on procedurally barred claims unless he demonstrates cause and actual prejudice. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In his appeal to this court, Hall did not argue cause and actual prejudice in relation to his procedurally barred claims and our review of the record reveals no errors that satisfied the prejudice requirement.

2. The prosecutor told the jury: "We're talking about an abuser of heroin.... What effect did that have on his mentality? Was his judgment distorted? Were his inhibitions loosened? ... That's the type of mentality that would commit a brazen, open, reckless murder in broad daylight in a public place." RT 8/28/86, at 64–65. Hall admitted during cross-examination that he frequently used heroin, but it was not established whether he was under the influence of heroin at the exact time of the murder. RT 8/27/86, at 101–104.

isolated moments in a three day trial. Additionally, the judge clearly instructed the jury that what was said in closing arguments was not evidence and could not be considered in deciding the facts. RT 8/25/86, at 125, 128. Finally, we agree with the Nevada Supreme Court that "[t]he evidence connecting Hall to the crime was overwhelming." ER 15. Accordingly, we do not believe the prosecutor's comments made Hall's trial "so fundamentally unfair as to deny him due process." 416 U.S. at 645, 94 S.Ct. at 1872. We affirm the district court's finding on the merits.

## C. Ineffective Assistance of Counsel

██ Hall's claim of ineffective assistance of counsel is procedurally barred because Hall failed to file a timely appeal to the Nevada Supreme Court after his post-conviction petition was denied. ER 13. As a result, Hall must demonstrate actual prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Hall claims he was prejudiced by his lawyer's failure to object to the prosecutor's "misstatements of the law" and "personal opinions" during summation. ER 77. Hall must point to something that "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982) (emphasis in the original). But Hall does not cite the specific statements in the record which allegedly prejudiced him. Moreover, our own search of the record has turned up nothing that marred Hall's entire trial with "error of constitutional dimensions," especially in light of the "overwhelming" case against him. ER 15. We therefore agree with the district court that Hall failed to show actual prejudice and we affirm the court's order.

AFFIRMED.