956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack Lee CAMPBELL, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 91-35642.
 United States Court of Appeals, Ninth Circuit.
 March 4, 1992.
 
 Before HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Lee Campbell appeals pro se the district court's grant of summary judgment in favor of the Warden of the Montana State Prison. The court denied Campbell's petition for writ of habeas corpus. Campbell challenges his conviction for homicide, robbery, theft, and tampering with or fabricating evidence, on the ground that prosecutorial misconduct during cross-examination and during closing arguments denied him a fair trial.
 
 
 3
 The Montana Supreme Court reviewed these claims on direct appeal and concluded that Campbell's right to a fair trial was not prejudiced. State v. Campbell, 241 Mont. 323, 330, 787 P.2d 329, 333 (1990). The district court denied Campbell's petition for writ of habeas corpus on the ground that the misconduct did not rise to a level of constitutional significance.
 
 
 4
 The district court had jurisdiction under 28 U.S.C. § 2254. A certificate of probable cause to appeal was granted after Campbell timely filed a notice of appeal. We have jurisdiction to review the judgment under 28 U.S.C. § 2253.
 
 
 5
 The district court's denial of a petition for writ of habeas corpus is reviewed de novo. McKenzie v. Risley, 842 F.2d 1525, 1531 (9th Cir.) (en banc ), cert. denied sub nom, 488 U.S. 901 (1988). The standard of review for a claim of prosecutorial misconduct in a petition for writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." Darden v. Wainwright, 477 U.S. 168, 181 (1986); Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974). We must distinguish between "ordinary trial error of a prosecutor and that sort of egregious misconduct ... amount[ing] to a denial of constitutional due process." Donnelly, 416 U.S. at 647-48 (citations omitted). We review on the merits claims for which proper objections were made at trial to determine whether, in light of the entire proceeding, the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. at 643; Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991).
 
 
 6
 Timely objections were made by Campbell's lawyer at trial when the prosecutor asked Campbell during cross-examination to characterize the testimony of another witness as a lie and when the prosecutor referred to Campbell's guilt during his closing argument.
 
 1. Cross-Examination
 
 7
 Campbell claims that he was prejudiced by being "forced to characterize a highly respected law enforcement official ... as a liar in order to maintain his innocence." His objection at trial was overruled.
 
 
 8
 A prosecutor may not express his personal opinion of the defendant's guilt or the credibility of witnesses. United States v. McCoy, 771 F.2d 1207, 1210-11 (9th Cir.1985). However, to constitute grounds for habeas relief, the prosecutor's statements must have rendered the trial fundamentally unfair. Campbell v. Kincheloe, 829 F.2d at 1457. Mere improper argument does not necessarily violate a defendant's constitutional rights. Id.
 
 
 9
 The prosecutor is entitled to enough latitude to argue reasonable inferences based on the evidence. United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991). Campbell's testimony was inconsistent with that of other witnesses at trial. He denied committing the crimes and presented an alibi. The prosecutor, on cross-examination, attempted to cast doubt on Campbell's account when he asked whether the sheriff would be "lying" if he contradicted Campbell's story. Although the court overruled the defense lawyer's objection to the prosecutor's question, the prosecutor did not require an answer from Campbell and discontinued that line of questioning. The prosecutor's question was a single inquiry during the eight-hour cross-examination of Campbell, was not repeated, was not used in the prosecutor's final argument.
 
 
 10
 Campbell relies upon United States v. Richter, in which the Second Circuit found that cross-examination that compelled a defendant to state that law enforcement officers lied in their testimony was improper. See 826 F.2d 206, 208 (2nd Cir.1987). However, the court expressly declined to rely on that alone as ground for reversal. The court's decision to grant a new trial was based on an accumulation of errors, including the prosecutor's calling a rebuttal witness to corroborate testimony that the defendant had actually labelled as false, and focusing in closing argument on the inconsistencies between the defendant's testimony and the Government agents' testimony. See id. at 208-210.
 
 
 11
 Campbell was not forced, as Richter was, to label another witness as a liar, and no similar accumulation of prejudicial errors existed in his trial. We find that the prosecutor's cross-examination did not violate Campbell's due process right to a fair trial.
 
 2. Closing Argument
 
 12
 Campbell claims that he was prejudiced when the prosecutor argued in rebuttal that Campbell was lying. His objections at trial were overruled.
 
 
 13
 A prosecutor's comments must be evaluated in light of the defense argument that preceded it. Darden v. Wainwright, 477 U.S. 168, 179 (1986). The Campbell prosecutor's statements were made in response to the arguments of the defense attorney that Campbell was the most credible witness who had testified during the trial. The prosecutor's statement that Campbell lied about his mother was based on Campbell's own testimony, and did not "manipulate or misstate the evidence." Id. at 182. See United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991) (in light of flatly contradictory testimony, government may properly argue that the jury should not believe defendant's version of facts); United States v. Hoelker, 765 F.2d 1422, 1426 (9th Cir.1985) (prosecutor may voice doubt about the veracity of defendant who has taken stand where supported by record).
 
 
 14
 The prosecutor's statement that the jury should not "turn this man loose" emphasized the evidence presented by the Government and could have been construed as a comment on the evidence rather than an expression of the prosecutor's personal belief. See United States v. Laurins, 857 F.2d 529, 539 (9th Cir1988), cert. denied, 492 U.S. 906 (1989). The statements to which Campbell objected pale in comparison to those in Darden, which were found not to have infected the trial with unfairness so as to make the conviction a denial of due process. 477 U.S. at 181 (improper remarks included calling defendant an "animal," implying that the death penalty was the only guarantee against a future similar act, expressing wish that defendant had been killed, id. at 180).
 
 3. Failure to Object at Trial
 
 15
 Where a petitioner procedurally defaulted on a claim in state court, he must demonstrate cause for his procedural default and actual prejudice from the alleged constitutional violation in order to raise the claim in federal court. Reed v. Ross, 468 U.S. 1, 11 (1984). See Hall v. Whitley, 935 F.2d 164, 165 n. 1 (9th Cir.1991).
 
 
 16
 The Montana Supreme Court found that Campbell failed to object properly at trial to the prosecutor's statement that Campbell was a "pathological liar." State v. Campbell, 787 P.2d at 332. The court rejected Campbell's argument that he had a "continuing objection" from his objection during cross-examination to the use of the word "liar." Id.
 
 
 17
 We find that Campbell has failed to show cause or to demonstrate prejudice, and we decline to consider this claim.
 
 4. Cumulative Effect of Errors
 
 18
 Campbell argues that the cumulative effect of the prosecutor's improper statements was to deny his constitutional right to a fair trial.
 
 
 19
 We disagree. The prosecutor's comments were "isolated moments" in the trial. See Hall, 935 F.2d at 166. The circumstantial evidence against Campbell was overwhelming. Id. His defense rested on his credibility. See State v. Campbell, 787 P.2d at 330-31, 333. When considered in the context of the entire trial, the prosecutor's comments were not "so fundamentally unfair as to deny him due process." See Donnelly, 416 U.S. at 645.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3