15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Allen WASHINGTON, Petitioner-Appellant,
v.
M. PICKETT, Warden, Respondent-Appellee.
 No. 92-56149.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1993.*
Decided Jan. 24, 1994.
 
 Before: GIBSON,** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Allen Washington appeals the district court's dismissal of his petition for a writ of habeas corpus, arguing the district court erred in failing to grant him an evidentiary hearing and denying his claims of ineffective assistance of counsel and due process violations. We affirm.
 
 
 3
 I. Ineffective Assistance.
 
 
 4
 Washington claims that his pretrial, trial, and appellate counsel rendered ineffective assistance of counsel in violation of the Sixth Amendment. We review de novo the decision whether to grant or deny a petition for habeas corpus. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). A habeas petitioner is entitled to an evidentiary hearing on a claim if: (1) his allegations, if proved, would entitle him to relief, and (2) a federal evidentiary hearing was required to ascertain facts to establish the truth of the allegations. Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.), cert. denied, 469 U.S. 838 (1984). To make out a claim for ineffective assistance of counsel, a petitioner must demonstrate that counsel's actions were deficient, and that he was prejudiced by the deficiency. Hendricks v. Vasquez, 974 F.2d 1099, 1109 (9th Cir.1992). To demonstrate deficiency, the defendant must show that counsel's actions were " 'outside the wide range of professionally competent assistance.' " Id. (quoting Strickland v. Washington, 466 U.S. 668, 687-90 (1984)). To establish prejudice, the defendant must show that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id.
 
 
 5
 A. Pretrial Counsel.
 
 
 6
 Washington claims that his pretrial counsel had a conflict of interest because she was simultaneously representing Hudson, the key prosecution witness against Washington, in an unrelated criminal matter. To establish a Sixth Amendment violation based on a conflict of interest, Washington must show that an actual conflict of interest adversely affected counsel's performance. Morris v. California, 966 F.2d 448, 455 (9th Cir.1991), cert. denied, 113 S.Ct. 96 (1992). To satisfy the adverse effect requirement, he must show that some effect on counsel's handling of particular aspects of the trial was likely. United States v. Miskinis, 966 F.2d 1263, 1268 (9th Cir.1992).
 
 
 7
 Washington has failed to meet his burden in showing that any conflict adversely affected pretrial counsel's performance. Since the only obvious impact of the dual representation would be at trial and the court substituted other counsel before trial in order to avoid harm to Washington from any conflict of interest, the risk of adverse impact was avoided. He has not shown, or alleged facts which if true would show, that pretrial counsel would likely have had divided loyalties, or that the subject matter of the two cases was so closely interrelated that confidences might be involved. See Thomas v. Municipal Court of Antelope Valley, 878 F.2d 285, 288 (9th Cir.1989). Washington's pretrial counsel was relieved and replaced by another attorney who developed and presented at trial Washington's claim that Hudson gave him permission to take the picture. Washington's conclusory assertion that Hudson would have remembered giving permission had the delay not occurred is insufficient to support a claim of ineffective assistance of counsel or to require further development at an evidentiary hearing. See Morris, 966 F.2d at 455 (conclusory allegations and speculation insufficient to warrant hearing on whether actual conflict existed).
 
 
 8
 B. Trial Counsel.
 
 
 9
 Washington claims his trial counsel was ineffective in: (1) failing to investigate and discredit Hudson with evidence of Hudson's mental illness; (2) failing to investigate and discover that drug charges were pending against Hudson at the time of Washington's trial; and (3) failing to effectively impeach Hudson's daughter; (4) failing to have Washington testify in his own defense; and (5) failing to present certain mitigating evidence at sentencing. We are unable to review the claims regarding the failure to discover Hudson's pending drug charge and impeachment of Hudson's daughter because Washington has not provided us with a copy of the trial transcript. Without this transcript, we cannot evaluate the effectiveness of the cross-examination of Hudson's daughter or whether a reasonable probability exists that admission of the drug charge would have changed the result of the proceeding. For this reason, we refuse to consider these arguments. See Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991); Portland Feminist Women's Health Center v. Advocates for Life, 877 F.2d 787, 789 (9th Cir.1989). There is nothing apparent from the record before us to support Washington's claim.
 
 
 10
 C. Appellate Counsel.
 
 
 11
 Washington argues his appellate counsel was ineffective in failing to raise the issues of ineffective pretrial and trial counsel.[1] Appellate counsel was not ineffective in failing to raise non-meritorious claims.
 
 
 12
 II. Judicial Bias and Other Due Process Claims.
 
 
 13
 Washington contends that the district court erred in rejecting his speedy trial claim, his claim that the district judge was biased against him, and his other due process claims. The record before us offers no support for the proposition.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 On appeal, Washington also appears to claim appellate counsel was ineffective in failing to raise a claim of denial of Washington's speedy trial rights. Because this claim was not raised before the district court, we do not address it here