21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Todd Kerry GRAYSON, Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden, Respondent-Appellee.
 No. 93-16111.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Kerry Grayson, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Grayson was convicted of forcible sodomy, assault with intent to commit rape, burglary, false imprisonment, and sexual battery. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.[1]
 
 
 3
 Grayson contends that (1) there was insufficient evidence to support his conviction for sodomy, (2) there was insufficient evidence to support his conviction for assault with intent to commit rape, (3) the prosecutor committed misconduct by coaching the victim on her testimony regarding sodomy, (4) the trial court erred by failing to instruct the jury on the lesser included offense of simple assault, (5) his sentence was enhanced based on an invalid prior conviction, (6) he was impeached with an invalid prior conviction, and (7) the validity of this prior conviction was relitigated, even though it had previously been found invalid by another trial court.[2] These contentions have no merit.
 
 Sufficiency of the Evidence
 
 4
 In deciding whether the evidence is sufficient to sustain a conviction, we must view that evidence in the light most favorable to the prosecution and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991), cert. denied, 112 S.Ct. 3055 (1992). This standard must be applied in reference to the substantive elements of the criminal offense as defined by state law. Jackson, 443 U.S. at 324 n. 16. If the record could support conflicting inferences, this Court must presume that the factfinder resolved such conflicts in favor of the prosecution, and must defer to that resolution. Id. at 326; Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992), cert. denied, 114 S.Ct. 131 (1993).
 
 A. Sodomy
 
 5
 "Sodomy is sexual conduct consisting of contact between the penis of one person and the anus of another person. Any sexual penetration, however slight, is sufficient to complete the crime of sodomy." Cal.Penal Code Sec. 286. Here, the victim testified that Grayson penetrated her anus with his penis. We find that a reasonable factfinder could have found beyond a reasonable doubt that sodomy was committed, based on this testimony. See id.; Jackson, 443 U.S. at 319. Accordingly, there is sufficient evidence to support the sodomy conviction.
 
 B. Assault with Intent to Commit Rape
 
 6
 The crime of assault with intent to commit rape is committed when the defendant assaults another with the intent to use whatever force is required to have sexual intercourse with the victim against her will. Cal.Penal Code Secs. 220, 261(a)(2); People v. Soto, 141 Cal.Rptr. 343, 349 (Cal.Ct.App.1977). Here, the victim, a 57 year old woman, testified that Grayson surprised her in the women's restroom of a restaurant, showed her an imitation gun, forced her into a bathroom stall, sodomized her, touched her breasts, put his finger in her vagina, then turned her around to position her for sexual intercourse. The defendant was interrupted when the victim's friend entered the restroom and the victim escaped. Viewing this testimony in the light most favorable to the prosecution, a rational factfinder could have found beyond a reasonable doubt that the defendant had the intent to have sexual intercourse with the victim against her will. See Soto, 141 Cal.Rptr. at 349; Jackson, 443 U.S. at 319. Accordingly, there is sufficient evidence to uphold Grayson's conviction for assault with intent to commit rape.
 
 Prosecutorial Misconduct
 
 7
 Grayson alleges that the prosecutor committed misconduct by telling the victim what to say during a recess in her testimony. Prior to the recess, the victim would say only that Grayson had sodomized her. When asked to be more specific by the prosecutor and the judge, she responded "I don't know how else to say it." The prosecutor twice asked "Did he place his penis in your anus?" The trial court upheld an objection that this question was leading. The trial court then allowed the prosecutor to confer with the witness. After this conference, the victim testified that Grayson penetrated her anus with his penis.
 
 
 8
 To determine whether allegations of prosecutorial misconduct warrant habeas corpus relief, this court must examine the entire proceedings to determine whether the prosecutor's conduct so infected the trial with unfairness as to render the resulting conviction a denial of due process. See Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991). "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 483 U.S. 756, 765 (1987) (citations omitted).
 
 
 9
 Here, the victim was clearly reluctant to describe precisely what occurred. The prosecutor stated that during his conference with the witness, he merely told her that she would have to describe specifically what happened. Furthermore, the victim was cross-examined regarding her conference with the prosecutor.[3] On this record, we find no denial of Grayson's right to a fair trial. The jury was informed of the conference between the victim and the prosecutor, and the victim was subject to cross-examination regarding the conference. There is no evidence that the discussion between the prosecutor and the victim rendered the trial fundamentally unfair or violated Grayson's due process rights. See Greer, 483 U.S. at 765; Hall, 935 F.2d at 165.
 
 Jury Instructions
 
 10
 In a non-capital case, a state court's failure to instruct the jury on a lesser included offense does not implicate the Constitution unless the court's failure to give the requested instruction prevents the defendant from presenting his theory of the case. Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.), cert. denied, 469 U.S. 838 (1984); James v. Reese, 546 F.2d 325, 327 (9th Cir.1976) (per curiam).
 
 
 11
 Grayson contends that the trial court should have instructed the jury sua sponte on simple assault, as a lesser included offense of assault with intent to commit rape. However, the defense argued that Grayson committed no assault against the victim whatsoever. Because the trial court's failure to instruct on simple assault did not prevent Grayson from arguing his theory of the case, this issue is not cognizable in federal habeas corpus. See Bashor, 730 F.2d at 1240.
 
 Prior Conviction Claims
 
 12
 Grayson contends that an invalid prior conviction from 1980 was improperly used to impeach his testimony and to enhance his sentence. Grayson claims that the prior conviction is unconstitutional because he pleaded guilty without full knowledge of the constitutional rights he was waiving. These contentions have no merit.[4]
 
 
 13
 A guilty plea is valid only if the record shows that it was both intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir.1986), cert. denied, 479 U.S. 1057 (1987). The record must demonstrate that the defendant understands he is waiving his privilege against self-incrimination, his right to jury trial, and his right to confront his accusers. Boykin, 395 U.S. at 243. Here, defense counsel in the 1980 prosecution asked Grayson at the plea hearing whether he understood his rights to an attorney, to confront his accusers, to a jury trial, and his privilege against self-incrimination. Grayson responded in the affirmative. We find, based on this record, that the 1980 guilty plea did not violate due process. See Boykin, 395 U.S. at 242-43.
 
 
 14
 Grayson claims that this prior conviction was improperly used to enhance his sentence for the instant offenses. However, because we find the prior conviction to be valid and constitutional, this claim must fail. See Walker v. Endell, 850 F.2d 470, 477 (9th Cir.) (due process "prohibits a trial judge from enhancing a sentence ... based on a conviction infected by constitutional error"), cert. denied, 488 U.S. 926 (1988).
 
 
 15
 Grayson also claims that the trial court erroneously allowed him to be impeached with this conviction. However, we find that this allegation is not cognizable in federal habeas corpus. See Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1989).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As a preliminary matter, we reject the respondent's contention that Grayson has procedurally defaulted on his claims by failing to present them properly to the California courts when he had the opportunity to do so. Grayson presented most of his claims to the California Court of Appeal, which denied the claims in a written opinion. Grayson did not petition the California Supreme Court for review. Grayson then filed several petitions for a writ of habeas corpus in the California Supreme Court. We find that Grayson has exhausted the claims addressed in the opinion of the California Court of Appeal, based on Acosta-Huerta v. Estelle, 7 F.3d 139, 142 (9th Cir.1993)
 
 
 [2]
 Grayson's sixth and seventh contentions were not raised on direct appeal and were not addressed in the California Court of Appeal's decision. Grayson raised these claims for the first time in a habeas corpus petition to the California Supreme Court, which denied the claims without a written opinion. We address the merits of these claims without determining whether they were properly exhausted, because they "clearly do not rise to the level of alleged deprivations of constitutional rights." Acosta-Huerta, 7 F.3d at 142 (citations omitted)
 
 
 [3]
 Defense counsel asked "And did [the prosecutor] tell you exactly what he wanted you to say?" The victim responded "He suggested how I should express myself, yes."
 
 
 [4]
 Grayson also claims that his prior conviction was previously determined to be invalid during an evidentiary hearing in the Alameda County Superior Court in 1983. He argues that the trial court in the instant case should have been precluded from relitigating the validity of this conviction under res judicata principles. However, this argument is foreclosed by our decision in Newton v. Superior Court, 803 F.2d 1051, 1056-57 (9th Cir.1986) ("the striking of a sentence enhancing allegation of a prior conviction has no preclusive effect notwithstanding a determination that it was constitutionally invalid"), cert. denied, 481 U.S. 1070 (1987)