28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond Earl RIGSBY, Petitioner-Appellant,
v.
John AVENENTI, Warden, Respondent-Appellee.
 No. 93-17099.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided June 20, 1994.
 
 1
 Before: WALLACE, Chief Judge, CANBY, Circuit Judge, and KELLEHER,** District Judge.
 
 MEMORANDUM
 
 2
 Rigsby appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 2241(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 2253. We review the district court's denial of Rigsby's habeas corpus petition de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We affirm.
 
 
 3
 Rigsby and Tucker were charged with armed robbery. Tucker moved to sever the trials on the basis of mutually exclusive defenses and Rigsby joined the motion. The trial court ruled that the motions were based on speculation and that severance would not be granted until prejudice became apparent. After Rigsby's opening statement, the trial court granted Tucker's renewed motion for severance because Rigsby's statement prejudiced Tucker.
 
 
 4
 Rigsby argues that he was prejudiced by the prosecutor's opening statement detailing facts about Tucker's shoot-out with the police. However, Rigsby's defense was duress, not innocence, and the prosecutor's remarks were not prejudicial to that defense; in fact they were likely to bolster it. The evidence against Rigsby was overwhelming. This argument fails because he has not established prejudice. See Hall v. Whitley, 935 F.2d 164, 166 (9th Cir.1991).
 
 
 5
 Rigsby also argues that failure to grant the pretrial motion had the effect of denying him half of his peremptory challenges. But Rigsby does not have a constitutional right to a specific number of peremptory challenges. Hines v. Enomoto, 658 F.2d 667, 672 (9th Cir.1981) (Hines ). Because the trial court did not abuse its discretion in denying the pretrial motion to sever, see State v. Rigsby, 772 P.2d 1, 5 (Ariz.1989), Rigsby was not deprived of peremptory challenges to which he was statutorily entitled. Therefore, he has not stated a ground for habeas relief. Hines, 658 F.2d at 672-73.
 
 
 6
 Rigsby waived his right to be represented by counsel. He signed a waiver of counsel form that detailed all of the assistance that appointed counsel would provide. The trial court's discussion of the waiver was limited to the fact that Rigsby faced a possible life sentence and that advisory counsel's role would be limited.
 
 
 7
 Rigsby argues that the trial court erred in allowing him to waive his right to counsel without determining that he was fully aware of the risks. It may be better, in determining whether a waiver is knowing and voluntary, for the trial court to discuss it with the defendant in open court. Harding v. Lewis, 834 F.2d 853, 857 (9th Cir.1987) (Harding ), cert. denied, 488 U.S. 871 (1988). However, "failure to engage the defendant in such a colloquy does not necessitate reversal ... if the record otherwise revels a knowing and intelligent waiver." Id. The issue is whether Rigsby understood the consequences and possible dangers of acting as his own counsel. Id.
 
 
 8
 Rigsby has the equivalent of a high school education. The trial court found Rigsby's intelligence was well within the normal range. Because Rigsby has not shown a good faith basis for doubting his competence, we presume that finding is correct. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). Rigsby has six prior felony convictions and 18 prior misdemeanor convictions. Rigsby had sufficient experience with the criminal justice system that a person of his intelligence would be aware of the benefits of counsel. Therefore, we conclude that his waiver was knowing and intelligent. Harding, 834 F.2d at 858-59.
 
 
 9
 Rigsby argues that the trial court's denial of his motion to appoint an investigator prejudiced his defense. As an indigent defendant, Rigsby has a constitutional right to investigative services, but only when he demonstrates that these services are needed. Smith v. Enomoto, 615 F.2d 1251, 1252 (9th Cir.), cert. denied, 449 U.S. 866 (1980). To merit relief, Rigsby must show both that investigative assistance was reasonably necessary and that he suffered substantial prejudice as a result of its denial. Mason v. Arizona, 504 F.2d 1345, 1351-52 (9th Cir.1974), cert. denied, 420 U.S. 936 (1975).
 
 
 10
 Rigsby contends that the denial of investigative assistance prejudiced his defense because he had received over 350 pages of discovery material. But only 50 pages dealt with the burglary count. Most of the material pertained only to Tucker. No showing is made as to why an investigation is needed to read these 50 pages.
 
 
 11
 Rigsby also asserts that he needed an investigator to interview witnesses about a prior bad act. This argument is irrelevant because the State chose not to introduce evidence of the prior bad act.
 
 
 12
 Finally, Rigsby argues that he needed an investigator to contest the voluntariness of statements he made to the police, controvert allegedly false testimony given by two state witnesses, and call two additional witnesses. However, Rigsby had full access to the State's discovery materials and his advisory counsel's files, which included copies of interviews with State witnesses. He also chose to enter into a stipulation concerning the testimony of the two additional witnesses, even though he could have subpoenaed them to appear and testify.
 
 
 13
 Rigsby has failed to show that investigative assistance was necessary or that he suffered prejudice as a result of its denial; therefore, he has not established a constitutional violation. Id. at 1353. The district court did not err in rejecting this claim.
 
 
 14
 AFFIRMED.
 
 
 15
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4