45 F.3d 438
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Larry WILLIAMS, Petitioner-Appellant,
v.
Roger CRIST, et al., Respondents-Appellees.
 No. 94-16208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Dec. 27, 1994.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Samuel L. Lewis appeals pro se the district court's denial, on remand from this court, of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction of attempted sexual assault. Lewis contends that: (1) the prosecutor committed prejudicial misconduct by failing to present a lesser included offense to the grand jury; and (2) the trial court denied him a fair jury by allowing the third cousin of the prosecutor to remain on the jury. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 1. Prosecutorial Misconduct
 
 3
 To determine whether allegations of prosecutorial misconduct warrant habeas corpus relief, the reviewing court must examine the entire proceedings to determine whether the prosecutor's conduct "so infected the trial with unfairness" as to render the resulting conviction a denial of due process. Darden v. Wainwright, 477 U.S. 168, 181 (1986); Hall v. Whitely, 935 F.2d 164, 165 (9th Cir.1991). A violation of due process occurs when the prosecutorial misconduct is of sufficient significance to result in the denial of the defendant's right to a fair trial. Greer v. Miller, 483 U.S. 756, 765 (1987).
 
 
 4
 "[T]he decision whether or not to prosecute, and what charges to file or bring before a grand jury, generally rests entirely in [the] discretion of the prosecutor." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).
 
 
 5
 Williams contends that the prosecutor engaged in prejudicial misconduct by failing to present the lesser included offense of sexual conduct with a minor to the grand jury. This claim lacks merit because the prosecutor's decision to present the charge of attempted sexual assault to the grand jury was within his discretion. See Bordenkircher, 434 U.S. at 364. Moreover, Williams fails to articulate how the prosecutor's failure to present this lesser charge so infected his trial with unfairness as to render the resulting conviction a denial of due process. See Greer, 483 U.S. at 765; Darden, 477 U.S. at 181; Hall, 935 F.2d at 165.
 
 2. Denial of Fair and Impartial Jury
 
 6
 In order to state a federal claim, a state prisoner must allege that his conviction violates federal law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Errors of state law are not grounds for federal habeas relief. Id. If, however, the error of state law " 'so infused the trial with unfairness as to deny due process of law,' " then federal habeas relief is available. Id. at 484 (quoting Lisenba v. California, 314 U.S. 219, 228 (1941)).
 
 
 7
 Even if only one juror is unduly biased or prejudiced, the defendant is denied his constitutional right to an impartial jury. United States v. Eubanks, 591 F.2d 513, 517 (9th Cir.1979) (per curiam). In most situations, voir dire should suffice to identify juror bias. Patton v. Yount, 467 U.S. 1025, 1038 (1984). However, in cases where a juror's answer makes thorough voir dire impossible, a post-trial hearing should accomplish the same result. Smith v. Phillips, 455 U.S. 209, 217 (1982); Tinsley v. Borg, 895 F.2d 520, 524 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). There are some extreme situations when a hearing on the matter may be inadequate for uncovering juror bias. Phillips, 455 U.S. at 222 (O'Connor, J., concurring). The presumption of implied bias is only appropriate in cases where the relationship between juror and some aspect of the litigation has the "potential for substantial emotional involvement, adversely affecting impartiality." Tinsley, 895 F.2d at 524; Eubanks, 591 F.2d at 517.
 
 
 8
 During voir dire, juror Marie Hampton told the trial court that she was a third cousin to the prosecutor. The trial court inquired, "Is there anything in that that would cause you problems if you were placed on this jury today?" Juror Hampton replied, "[N]o." Williams did not use a preemptory challenge to strike Hampton from the jury, nor did he request that the court strike her for cause.
 
 
 9
 First, voir dire disclosed that juror Hampton's distant relationship with the prosecutor would not affect her impartiality. See Yount, 467 U.S. at 1038. Second, Williams fails to demonstrate why the existence of this relationship should warrant a post-trial hearing on whether Hampton was biased. See Phillips, 455 U.S. at 217; Tinsley, 895 F.2d at 524. 9th Cir.1990). Further, Williams fails to show that the relationship between Hampton and the prosecutor had the potential for substantial emotional involvement, adversely affecting her impartiality. See Tinsley, 895 F.2d at 524; Eubanks, 591 F.2d at 517. Therefore, Williams' claim that the trial court violated his due process rights by failing to strike juror Hampton is meritless. See Estelle, 112 S.Ct. at 480; Eubanks, 591 F.2d at 517.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3