53 F.3d 337
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 VAN ALEXANDER, Plaintiff-Appellant,
v.
ROCHA, et al., Defendants-Appellees.
 No. 94-16671.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Van Alexander, a California state prisoner, appeals pro se the district court's summary dismissal of his 28 U.S.C. Sec. 2254 petition. Van Alexander was convicted of one count of infliction of corporal injury on a spouse in violation of California Penal Code Sec. 273.5(a) and was sentenced to 4 years imprisonment. He contends the district court erred when it dismissed his petition for failure to state a federal question. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir. 1993), and we vacate and remand.
 
 
 3
 On August 1, 1994, the district court found Van Alexander's state remedies unexhausted but ordered his petition dismissed with prejudice because all of his claims were state claims which failed to state a federal question.
 
 
 4
 In his district court petition Van Alexander claimed, inter alia, that: (1) his trial was fundamentally unfair because the trial court admitted evidence of his prior convictions; and (2) the prosecutor referred to one of those convictions as a robbery conviction when in fact Van Alexander had been convicted of larceny-of-a-person. These contentions are sufficient to state federal claims. See Terrovona v. Kincheloe, 852 F.2d 424, 428-29 (9th Cir. 1988) (federal claim stated if petitioner alleges that admission of prior convictions rendered his trial fundamentally unfair); Hall v. Whitley, 935 F.2d 164, 165 (9th Cir. 1991) (federal habeas relief available if prosecutorial misconduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process"') (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).[1] Consequently, the district court erred when it dismissed Van Alexander's petition for failure to state a federal claim. Accordingly, we vacate the district court's order of August 1, 1994 in its entirety.
 
 
 5
 Because we are unable to determine from the record whether Van Alexander has exhausted his federal claims, we remand for the district court to make this determination. See Turner v. Compoy, 827 F.2d 526, 528-30 (9th Cir. 1987) (exhaustion may be satisfied by fairly presenting claim to state's highest court on direct appeal or collateral review), cert. denied, 489 U.S. 1059 (1989). If the district court determines that either of Van Alexander's federal claims is unexhausted, it should dismiss the entire petition without prejudice for failure to exhaust state remedies. See 28 U.S.C. Sec. 2254; see also Rose v. Lundy, 455 U.S. 509, 520 (1982).[2] If both of Van Alexander's federal claims are exhausted, the district court may adjudicate the petition.
 
 
 6
 VACATED and REMANDED for further proceedings consistent with this memorandum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Even were these claims exhausted, they could not be evaluated without reference to the trial court record which apparently was not before the district court at the time it dismissed Van Alexander's petition. See Chaney v. Lewis, 801 F.2d 1191, 1193 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987)
 
 
 [2]
 The other claims raised by Van Alexander are state sentencing claims which ordinarily fail to state any federal question, see Miller v. Vasquez, 868 F.2d 1116, 1118 (9th Cir. 1989), and in this case appear to be refuted by the sentencing record, a copy of which is attached to Van Alexander's petition. These state sentencing claims, however, should not be dismissed for failure to state a federal question if either of Van Alexander's federal claims is unexhausted. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991) (second petition barred by abuse of the writ doctrine); cf. Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254 (district court may summarily dismiss entire petition if it plainly appears from the face of the petition that petitioner is not entitled to relief)