122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles R. HORN, Plaintiff-Appellant/Cross-Appellee,
v.
CIGNA GROUP INSURANCE, Defendant-Appellee/Cross-Appellant.
 Nos. 95-36088, 95-36090.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 29, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. CV-94-01315-DEW; David E. Wilson, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles R. Horn appeals pro se entry of judgment for his insurer, Cigna Group Insurance, following a jury trial in his breach of contract action against Cigna. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Horn raises two contentions with respect to the district court's instructions to the jury. Because the record does not demonstrate that Horn objected to jury instruction no. 10, we reject his contention that the district court erred by giving this instruction. See Fed.R.Civ.P. 51; Herrington v. County of Sonoma, 834 F.2d 1488, 1501 n. 12 (9th Cir.1987). Second, given the issues to be decided at trial, we cannot conclude that the district court abused its "broad discretion in formulating jury instructions" in refusing to give plaintiff's proposed jury instruction no. 1. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1044 (9th Cir.1987), aff'd, 496 U.S. 543 (1990).
 
 
 4
 We reject Horn's contention that the district court erred by refusing to allow him to serve as "co-counsel" to his attorney below. See U.S.Dist.Ct. for W.Dist. of Wash., Gen.R. 2(f).
 
 
 5
 We also reject Horn's contention that the district court erred by failing to admit evidence concerning damages and practices of defendant which related to claims which Horn had voluntarily dismissed.
 
 
 6
 Finally, we reject Horn's contention that the district court erred in admitting evidence concerning his performance of his job because Horn failed to provide a transcript of the relevant proceedings. See Fed.R.App.P. 10(b)(2); 9th Cir.R. 30-1.3(a)(vii); Hall v. Whitley, 935 F.2d 164, 165 (9th Cir.1991) (per curiam).
 
 
 7
 In its cross-appeal, Cigna contends that the district court erred by granting, on the morning of the trial, Horn's motion to voluntarily dismiss without prejudice his state-law Consumer Protection Act claim. Because Cigna did not provide the district court, or this court, with any evidence that it suffered "plain legal prejudice," we conclude that the district court did not err by granting Horn's motion for voluntary dismissal without prejudice. See Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir.1996).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3