Peter D. BOGART, Plaintiff–Appellant,

v.

CALIFORNIA COASTAL COMMISSION; et al., Defendants–Appellees.

No. 00–35272.

D.C. No. CV–99–01773–JO.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 29, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Appellants' motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Bogart's request for oral argument is denied.

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Peter D. Bogart appeals pro se the district court's judgment affirming the bankruptcy court's decision to deny his motion to substitute a named defendant for a Doe defendant and his motion to recuse the bankruptcy court judge. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

Given that Bogart's first amended complaint contains no allegations against any Doe defendants and that his motion for substitution and his motion for reconsideration of the denial of his motion for substitution contain only cursory allegations against the named defendant, we do not have a "firm conviction" that the district court erred in affirming the bankruptcy court's denial of Bogart's motions. *See McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 809 (9th Cir.1988).

** This disposition is not appropriate for publication and may not be cited to or by the

With respect to Bogart's contention that the district court erred by affirming the bankruptcy court's denial of his motion to recuse the bankruptcy court judge, we are unable to review his claim of bias without a transcript of the proceedings to provide context for the statement which allegedly demonstrates the judge's bias. *See* Fed. R.App. P. 10(b)(2); *Hall v. Whitley,* 935 F.2d 164, 165 (9th Cir.1991) (per curiam). Moreover, insofar as the bankruptcy court judge was indicating that she would not review or reverse state-court decisions, she accurately stated the law. *See MacKay v. Pfeil,* 827 F.2d 540, 543 (9th Cir.1987) (per curiam) (federal courts do not act as appellate courts over state-court decisions).

We reject Bogart's remaining contentions as meritless.

We grant Bogart's motion to file a late reply brief and order the reply brief received on May 21, 2001 filed.

**AFFIRMED.**