Ricky Lee **EARP**, Petitioner—Appellant,

v.

John **STOKES**, Warden, of California State Prison at San Quentin,* Respondent—Appellee.

No. 03–99005.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2005.

Decided Sept. 8, 2005.

---

* Pursuant to Fed. R.App. P. 43(c)(2), John Stokes, the current custodian, is substituted for Jeanne S. Woodford as Warden of California State Prison at San Quentin.

Robert S. Gerstein, Esq., Santa Monica, CA, for Petitioner–Appellant.

James William Bilderback, II, DAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Ricky Lee Earp appeals the dismissal of his habeas corpus petition challenging his

** This disposition is not appropriate for publication and may not be cited to or by the

first-degree murder conviction and death sentence for molesting and killing eighteen-month old Amanda Doshier. Here we consider and reject Earp's claims that the prosecutor committed misconduct by commenting on Earp's silence, misstating the burden of proof, and stating his personal opinion of Earp's guilt, and Earp's claim that the cumulative effect of this alleged misconduct violated his right to due process. We also uphold the district court's decision not to grant evidentiary hearings on Earp's claims that his counsel was ineffective for failing to articulate a consistent defense, and for improperly eliciting testimony from the defense investigator.[1]

## I

Earp's appeal comes to us from the Central District of California ("district court"), which reviewed the Supreme Court of California's ("state court") consideration of Earp's habeas appeal stemming from his 1991 jury trial conviction and capital sentence in the Los Angeles County Superior Court ("trial court"). Because the facts and procedural history are known to the parties and not in dispute, we do not recount them further here.

## II

We review the district court's decision to deny Earp's habeas petition *de novo*. *Lambert v. Blodgett,* 393 F.3d 943, 964 (9th Cir.2004). The district court's conclusion that the standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are satisfied is a mixed question of law and fact that we also review *de novo. Id.* at 965. We review the

district court's decision not to grant an evidentiary hearing for abuse of discretion. *Davis v. Woodford,* 384 F.3d 628, 638 (9th Cir.2004).

Under the highly deferential AEDPA standard, we must uphold the state court's decision to deny Earp's petition unless it "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Even if we find that the AEDPA standard was satisfied, we may grant relief only if the state court's error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson,* 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), or if we are "in grave doubt" about the harmlessness of the error, *O'Neal v. McAninch,* 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995).

Because Earp did not fail to develop the claims for which he requested an evidentiary hearing in state court, he is entitled to a hearing if he establishes that he "did not receive a full and fair opportunity to develop [the facts of his claim] in state court" and if he has "alleged facts that, if proven, would entitle him to habeas relief." *Williams v. Woodford,* 384 F.3d 567, 586 (9th Cir.2004).

## III

We affirm the district court's conclusion that the state court's rejection of Earp's prosecutorial misconduct claims was neither contrary to nor an unreasonable application of established federal precedent.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Earp's challenges to the district court's failure to grant him an evidentiary hearing on his claim that his counsel was ineffective for failure to investigate mitigation evidence and to

the district court's decision to deny Earp's claim that the alleged conflict created by his trial counsel's romantic involvement with him rendered her assistance ineffective are addressed in a separate published Opinion filed concurrently with this disposition.

## A

■ The crux of Earp's prosecutorial misconduct argument is that the prosecutor violated *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), by impermissibly commenting on Earp's silence. The state court found that any *Doyle* error was harmless because Earp was thoroughly discredited without the challenged statements. *People v. Earp*, 20 Cal.4th 826, 85 Cal.Rptr.2d 857, 978 P.2d 15, 35 (1999). The state court's decision was not "contrary to" clearly established federal law because it recognized *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), as controlling the harmless error determination. The decision was not an "unreasonable application" of *Chapman* because it was not objectively unreasonable for the court to conclude from the record before it that any *Doyle* error was harmless beyond a reasonable doubt. *See Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (clarifying the "unreasonable application" standard).

## B

Earp's counsel failed to object at trial to the portion of the prosecutor's closing argument that Earp now claims misstated the burden of proof. Typically, such a violation of California's simultaneous objection rule circumscribes habeas relief to those situations where the defendant demonstrates "cause and actual prejudice." *Hall v. Whitley*, 935 F.2d 164, 165 n. 1 (9th Cir.1991) (citing *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). However, we consider Earp's claim because the state court did not "clearly and expressly rely" on California's simultaneous objection rule in denying Earp's claim, but instead decided the constitutional claim on its merits. *Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct.

2546, 115 L.Ed.2d 640 (1991). *Compare Earp*, 85 Cal.Rptr.2d 857, 978 P.2d at 36 (recognizing Earp's violation of the simultaneous objection rule), *with id.* 85 Cal. Rptr.2d 857, 978 P.2d at 39 (considering the merits of Earp's claim that the prosecutor misstated the burden of proof).

■ The prosecutor's argument that "there is no reasonable doubt in this case at all unless you believe that Rick is telling the truth" did not "so infect the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). The portion of the prosecutor's argument that Earp protests follows the prosecutor's observation that Earp was the only witness who testified that there was a third party in the house when Amanda Doshier was fatally injured. Because Earp relied on a third-party defense, his defense hinged on the jury finding reasonable doubt from Earp's testimony. Thus, in context, the prosecutor's argument was a fair comment on the evidence. Furthermore, any possible confusion was alleviated by the jury instructions which clearly delineated the burden of proof. California Jury Instructions, Criminal, Nos. 2.90, 2.91, 8.71, 8.80. The state court's decision that the prosecutor's statement did not constitute a due process violation was neither contrary to nor an unreasonable application of established federal precedent.

## C

■ For the reasons described in section B, *supra*, we consider Earp's claim that the prosecutor committed misconduct by stating his opinion of Earp's guilt despite Earp's counsel's violation of California's simultaneous objection rule. We agree with the state court that this claim is "without merit." *Earp*, 85 Cal.Rptr.2d 857, 978 P.2d at 39. Although the prosecu-

tor erred in stating that he was convinced of Earp's guilt, he immediately realized that he had misspoken, corrected himself, and stressed to the jury its duty to decide the case "based on the evidence." Because it was corrected almost simultaneously, the prosecutor's comment did not jeopardize Earp's "right to be tried solely on the basis of evidence presented to the jury." *United States v. Young*, 470 U.S. 1, 18–19, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). The state court's determination that the prosecutor's misstatement did not constitute a violation of Earp's right to due process was neither contrary to nor an unreasonable application of clearly established federal law.

### D

Even when considered together, the instances of alleged prosecutorial misconduct did not adversely affect the fundamental fairness of Earp's trial. Because Earp has not demonstrated any prosecutorial misconduct that was not harmless error, his claim of a due process violation from the cumulative effect of those asserted errors necessarily fails.

### IV

We affirm the district court's decision not to grant Earp an evidentiary hearing on two of his ineffective assistance of counsel claims because he has not raised "a colorable claim" for relief. *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir.2001). We evaluate whether Earp has demonstrated colorable ineffective assistance of counsel claims under the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 684, 104 S.Ct. 2052.

### A

■ Earp's claim that his counsel rendered ineffective assistance by presenting an inconsistent defense does not present a colorable claim for relief. Earp's counsel argued that Earp was innocent, which was not inconsistent with Earp's later defense that a third party, Dennis Morgan, committed the crime. The general nature of the argument was likely a strategic choice given that the defense had not yet completed its investigation of Morgan at the time the trial commenced. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 ("the defendant must overcome the presumption that, under the circumstances, the challenged action" could be viewed as "sound trial strategy") (internal quotation marks and citation omitted). Earp has not demonstrated that his counsel's failure to mention his third-party defense in the opening statement was "outside the wide range of professionally competent assistance." *Phillips*, 267 F.3d at 978 (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). The district court did not abuse its discretion in denying Earp an evidentiary hearing on this claim.

### B

■ Earp's claim that his counsel rendered ineffective assistance by eliciting testimony from a defense investigator also does not present a colorable claim for relief. His counsel's declaration establishes that she called the investigator as part of a strategic choice, given the prosecution's insinuations that Earp had recently fabricated his third party defense, to elicit testimony establishing that Earp had mentioned Morgan eighteen months before trial. This was reasonable, if not wise, representation in response to the prosecution's attack. *See Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Morris v. California*, 966 F.2d 448, 456–57 (9th Cir.1992)

(amending 945 F.2d 1456 (9th Cir.1991)). The district court did not abuse its discretion in denying an evidentiary hearing on this claim.

## V

The district court properly found that the state court did not act contrary to or unreasonably apply clearly established federal law when the state court denied Earp's habeas claims that the prosecutor committed misconduct by commenting on Earp's silence, misstating the burden of proof, and stating his opinion of Earp's guilt. The district court did not abuse its discretion in denying Earp an evidentiary hearing on his claims that his counsel rendered ineffective assistance by presenting an inconsistent defense and by eliciting testimony from a defense investigator. The district court's ruling denying habeas relief on these claims is **AFFIRMED.**