James Richard **TERROVONA,**
Petitioner–Appellant,

v.

Larry **KINCHELOE,**
Respondent–Appellee.

No. 87–3677.

United States Court of Appeals,
Ninth Circuit.

Submitted February 1, 1988.*

Decided July 7, 1988.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

James R. Terrovona, Walla Walla, Wash., pro se.

John M. Jones, Asst. Atty. Gen., Washington Dept. of Corrections, Olympia, Wash., for respondent-appellee.

Before BROWNING, Chief Judge, and NORRIS and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Terrovona, a Washington state prisoner, appeals *pro se* the district court's denial of his habeas corpus petition seeking relief from a first degree murder conviction. We affirm in part and remand in part.

## FACTS AND PROCEEDINGS

On February 26, 1984 at about 8:15 p.m., Terrovona's stepfather, Gene Patton, received a telephone call at his home. Patton told his girlfriend that the phone call was from Terrovona, who had apparently run out of gas on 116th Street in Marysville, Washington and wanted his assistance. Patton left to help Terrovona.

At about 8:30 p.m. a passerby found a body lying alongside a car on 116th Street. Shortly after 9:00 p.m., the decedent was identified by police officers as Patton, who had been severely beaten and shot. The officers also observed what appeared to be a fairly recent tire tread impression on the shoulder of the road just in front of the car; they concluded that the tread was not from the decedent's car and took a plaster cast of the impression.

At approximately 9:15 p.m. a police lieutenant arrived on the scene and suggested Terrovona as a suspect because (1) it was "common knowledge" at the precinct that there was bad blood between Terrovona

and Patton; and (2) Terrovona had once threatened his stepfather. Sometime after 10:00 p.m. the lieutenant learned where Terrovona lived and that he drove a 1975 Ford Elite automobile. A half hour later, police officers informed Patton's girlfriend of his death. She told the officers of the phone call Patton had received just before he left that night, and what he had said about it.

At approximately 1:00 a.m. several police officers arrived at Terrovona's apartment building. They saw a Ford Elite in the parking lot. When an officer looked at the car's tires, he concluded that the right front tire tread closely matched the impression left on the shoulder of 116th Street. The officers went to Terrovona's apartment; they had no arrest warrant.

As soon as Terrovona opened his door, the officers arrested and handcuffed him and took him into the apartment. They quickly checked the apartment for other people or weapons and found nothing. An officer then gave Terrovona his *Miranda* warnings; Terrovona indicated that he understood them and made some incriminating statements.

A couple of officers remained in the apartment until another obtained a search warrant. Upon the other officer's return, the police seized several items of evidence expressly referred to in the warrant. They also seized grocery store receipts not mentioned in the search warrant. These receipts bore time marks of 10:15 p.m., and were in a bag one of the officers was searching. At the same time, the police also seized Terrovona's car without a warrant, but later they obtained a warrant to search the car. Terrovona was charged with first degree murder.

Terrovona made a number of suppression motions. Before the trial began, he moved to suppress (1) all physical evidence seized; and (2) the incriminating statements he had made in the apartment. Also before trial, Terrovona tried to suppress the testimony of his parole officer about

his request for a gun permit and his reasons for that request because this testimony would reveal Terrovona's prior conviction for social security fraud. During the trial, he moved to suppress the girlfriend's testimony about the phone call Patton received the evening of his death. The court denied these motions. However, the court did give a limiting instruction with respect to the parole officer's testimony.

After friends of Terrovona testified that he had spent the evening of the murder in a tavern, the state introduced the store receipts as rebuttal evidence to show that he was in a grocery store at 10:15 p.m.

The jury found Terrovona guilty of first degree murder and he was sentenced to life imprisonment. He then appealed to the Washington Supreme Court, which affirmed his conviction. *State v. Terrovona*, 105 Wash.2d 632, 716 P.2d 295 (1986). Subsequently, he filed a petition for a writ of habeas corpus with the district court, claiming eleven grounds for relief. Three months after the state moved for summary judgment, but before the district court's decision on the writ, Terrovona filed a motion to hold his petition in abeyance pending exhaustion of state remedies or, in the alternative, to dismiss the petition without prejudice.

The magistrate's report found that Terrovona had exhausted his state remedies with respect to all claims, but none of the claims warranted federal relief. On the basis of this report, the district court denied the petition. Terrovona filed a timely appeal, and the district court issued a certificate of probable cause.

### DISCUSSION

Terrovona's eleven contentions can be combined and reviewed as eight issues. Our review is *de novo. Harding v. Lewis*, 834 F.2d 853, 856 (9th Cir.1987).[1]

#### 1. *Hearsay*

■■■ Terrovona argues that the state court erred under state law and violated his

---

**1.** Under 28 U.S.C. § 2254(d), we must give findings of fact made by the state courts a presumption of correctness. And we must follow state court interpretations of state law. *LaMere v. Risley*, 827 F.2d 622, 623 (9th Cir.1987).

constitutional rights when it allowed the state to introduce the hearsay testimony of Patton's girlfriend about the phone call.

Under the confrontation clause of the sixth amendment, when a hearsay declarant is not present for cross-examination at trial, the state must normally show that he is unavailable. *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). Even if this showing is made, a declarant's statement is constitutionally admissible only if it bears "indicia of reliability." *United States v. Miller*, 830 F.2d 1073, 1077 (9th Cir.1987), *cert. denied* — U.S. ——, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988). "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Roberts*, 448 U.S. at 66, 100 S.Ct. at 2539.

Under an exception to the hearsay rule, if the performance of a particular act by an individual is an issue in a case, hearsay can be admitted to show the individual's intention (state of mind) to perform the act. *United States v. Pheaster*, 544 F.2d 353, 376 (9th Cir.1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). Here, the girl friend's testimony shows that Patton intended to meet and to help Terrovona. This act is an issue in the case because it places Terrovona at the murder scene.

We conclude that the admission of the hearsay did not violate constitutional protections and therefore Terrovona cannot succeed on this claim. The hearsay declarant (Patton) is unavailable because he is dead. Moreover, admission of his declaration meets the indicia of reliability because it falls within a firmly rooted hearsay exception. *See, e.g.,* Wash.Evid.R. 803(a)(3); Fed.R.Evid. 803(3); *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892); *Pheaster*, 544 F.2d at 376.

### 2. Warrantless Arrest

Terrovona claims that the police lacked probable cause to arrest him. He also argues that the police's failure to obtain an arrest warrant violated the fourth amendment. In addition, Terrovona contends that the illegal arrest tainted incriminating statements he later made.

■ An illegal arrest or detention does not void a subsequent conviction. *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975); *United States v. Alvarez*, 810 F.2d 879, 884 (9th Cir.1987). However, although an illegal arrest cannot by itself invalidate a conviction, incriminating statements made as a result of an illegal arrest must be suppressed. *Id.* There is no indication that the district court examined the record on this point. We therefore remand to the district court for a review of the state proceedings with respect to the legality of the arrest.

### 3. Waiver of Right to Remain Silent

Terrovona contends that he never voluntarily waived his right to remain silent.

■ In this circuit, a federal court must conduct an independent review of validity of a waiver. *See Grooms v. Keeney*, 826 F.2d 883, 887 (9th Cir.1987). In *Grooms*, we stated in reference to a waiver issue:

A federal court must conduct an independent review of the voluntariness of a confession. *Miller v. Fenton*, [474 U.S. 104], 106 S.Ct. [445] at 451 [88 L.Ed.2d 405 (1985)]. In this case, the magistrate reviewed the trial transcript and transcription of the tape of the interrogation and concluded Grooms made a voluntary, intelligent and knowing waiver of his rights. We agree.

*Id.*[2]

Since the *Miller* decision, two other circuits have squarely faced the waiver issue. The Third Circuit concluded that "the voluntariness of a defendant's waiver of *Mi-*

**2.** *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), may not be fully supportive of the proposition that an independent federal review of a waiver is required. In *Miller,* the Supreme Court did indeed state that the voluntariness of a confession must be reviewed independently by the federal courts. *Id.* at 112, 106 S.Ct. at 451. However, the Court further noted: "The present case presents no occasion for us to address the question whether federal habeas courts must accord the statutory presumption of correctness to state court findings concerning the validity of a waiver." *Id.* at 108 n. 3, 106 S.Ct. at 449 n. 3.

*randa* rights is a mixed question of law and fact, subject to plenary review by federal habeas courts." *Ahmad v. Redman,* 782 F.2d 409, 413 (3d Cir.), *cert. denied,* 479 U.S. 831, 107 S.Ct. 119, 93 L.Ed.2d 66 (1986). However, the Seventh Circuit decided "that whether a waiver of *Miranda* is voluntary is a factual determination. Therefore, state court findings on whether a defendant voluntarily waived his or her rights are entitled to the § 2254(d) presumption." *Bryan v. Warden, Ind. State Reformatory,* 820 F.2d 217, 219 (7th Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 190, 98 L.Ed.2d 142 (1987).[3]

We agree with the Third Circuit and reaffirm *Grooms'* adoption of a plenary standard of review because we find that the voluntariness of a waiver is a mixed question of law and fact that requires *de novo* review. A mixed question of law and fact warrants *de novo* review when "the application of law to fact will require the consideration of legal concepts and involve the exercise of judgment about the values underlying legal principles." *United States v. McConney,* 728 F.2d 1195, 1202 (9th Cir.1984) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Under the *McConney* standard, the voluntariness of a waiver is essentially a legal judgment. Since the district court merely used the section 2254(d) standard, we remand to the district court for plenary review of the state proceedings to determine whether the waiver was made voluntarily.

### 4. *Warrantless Seizure*

Terrovona challenges the police's seizure of his home by their remaining in the apartment without a warrant. He also asserts that the police illegally seized items (the store receipts) not covered by their warrant. Additionally, Terrovona attacks the seizure of his car.

"Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976); *see also Knaubert v. Goldsmith,* 791 F.2d 722, 725 (9th Cir.), *cert. denied,* 479 U.S. 867, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986). Here, we find that Terrovona had an opportunity fully and fairly to litigate his fourth amendment claims in state court. Both the state trial court and the Supreme Court of Washington considered his fourth amendment claims.

### 5. *Admission of Evidence of Prior Conviction*

Terrovona contends the state trial court improperly admitted evidence of his prior conviction. He argues that this error violated his right to a fair trial and the fourteenth amendment.

A state prisoner can obtain independent federal review of admission of bad act testimony by alleging that the admission violated due process. *See Reiger v. Christensen,* 789 F.2d 1425, 1431 (9th Cir. 1986) (admission of testimony that petition-

---

**3.** The Seventh Circuit supports its conclusion with a Ninth Circuit case—*Nelson v. McCarthy,* 637 F.2d 1291 (9th Cir.1980), *cert. denied,* 451 U.S. 940, 101 S.Ct. 2021, 68 L.Ed.2d 327 (1981). In *Nelson,* we held that a state court's determination of whether intoxication affected the voluntariness of the appellant's waiver was entitled to the section 2254(d) presumption. *Id.* at 1294–97. However, we never stated that the issue of the waiver itself cannot be subject to independent federal review. Indeed, in *Nelson,* the district court conducted an independent review of the record. *Id.* at 1296. And we also reviewed the record. *Id.* at 1297. In sum, *Nelson* not only indicates that independent federal review of the voluntariness of a waiver is appropriate, but it also stands for the principle that subsidiary fact questions related to a waiver (for example, whether intoxication affected a waiver's voluntariness) are subject to the section 2254(d) presumption. This is not at all inconsistent with the Supreme Court decision in *Miller.* There the Court noted that "subsidiary questions" related to a confession, such as "familiarity with the *Miranda* warning" are subject to a section 2254(d) presumption. *Miller,* 474 U.S. at 117, 106 S.Ct. at 453. Other than *Grooms* and *Nelson,* no Ninth Circuit case has addressed the issue of whether a waiver should be subject to independent review.

er had a long police record). But a petitioner can be granted habeas corpus relief only if the "admission of the testimony was arbitrary or fundamentally unfair." *Colley v. Sumner*, 784 F.2d 984, 990 (9th Cir.), *cert. denied*, 479 U.S. 839, 107 S.Ct. 142, 93 L.Ed.2d 84 (1986).

We find that Terrovona's passing references to the right to a fair trial and the fourteenth amendment are sufficient to allege that the admission violated due process. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (courts should construe *pro se* petitions liberally). Since the district court did not examine the record, we remand to the district court for an independent review of the state's proceedings with respect to the admission of the bad act testimony. *Reiger*, 789 F.2d at 1431–32 (the district court's failure to conduct an independent review warrants a remand to review the transcript of state proceedings).

### 6. *Exhaustion of Remedies*

Terrovona asserts that the district court should have considered all eleven claims since he exhausted all his state remedies. In fact, the district court did treat all eleven claims as exhausted. Apparently, the petitioner believes that the district court did not consider all claims since it stated that several claims, even if true, failed to raise a federal right to relief; this, of course, is different from asserting that a claim is not exhausted.

We conclude that the district court's treatment of all eleven claims as exhausted was appropriate because all claims had already been considered by the Supreme Court of Washington. *Hayes v. Kincheloe*, 784 F.2d 1434, 1437 (9th Cir.1986) ("If a petitioner presents his claim to the highest state court and that court disposes of the claim on the merits, the exhaustion requirement has been satisfied"), *cert. denied*, — U.S. ——, 108 S.Ct. 198, 98 L.Ed.2d 150 (1987).

### 7. *Appointment of Counsel*

Terrovona argues that the district court abused its discretion when it denied his motion for appointment of counsel. Our review is for abuse of discretion. *LaMere*, 827 F.2d at 626.

"Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." *Knaubert*, 791 F.2d at 728. An evidentiary hearing is mandatory if (1) the petitioner's allegations, if proved, would establish the right to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts. *Van Pilon v. Reed*, 799 F.2d 1332, 1338 (9th Cir.1986).

Here, Terrovona's claims of warrantless arrest (tainted confession), involuntary waiver and improper admission of bad act testimony, if proven, would establish right to relief. If a full and fair hearing that reliably found the facts did not occur, we instruct the district court to appoint counsel for any evidentiary hearing that might be required.

### 8. *Terrovona's Motion for Abeyance or Voluntary Dismissal*

Terrovona asserts that the district court abused its discretion and violated due process when it denied his motion either to hold the petition in abeyance pending exhaustion of state claims or to dismiss the petition without prejudice.

An action can be dismissed by the plaintiff without order of the court if a notice of dismissal is filed by the plaintiff before the adverse party files for summary judgment. Fed.R.Civ.P. 41(a)(1). If a notice of summary judgment has been filed, the court can grant a dismissal at its discretion. *See* Fed.R.Civ.P. 41(a)(2).

We find no abuse of discretion. Terrovona filed his Rule 41 motion three months after the motion for summary judgment had been filed. Therefore, he cannot qualify under Fed.R.Civ.P. 41(a)(1). Moreover, since the magistrate had already issued his report and recommendation when the motion was filed, the district court's refusal to use its discretion to dismiss the petition under Fed.R.Civ.P. 41(a)(2) is reasonable. Finally, because the district court found all

the claims exhausted, it did not abuse its discretion when it declined to allow Terrovona to exhaust his state remedies.

## CONCLUSION

We affirm the district court's decisions on (1) the hearsay claim; (2) the warrantless seizure issue; (3) the exhaustion of remedies claim; and (4) the motion for abeyance or voluntary dismissal. We remand to the district court for review of the state court proceedings on (1) the warrantless arrest issue; (2) the waiver claim; and (3) the admission of evidence of prior conviction. Finally, as to appointment of counsel, we instruct the district court to appoint counsel with respect to the warrantless arrest, waiver and prior conviction issues if the state proceedings failed to give Terrovona a full and fair hearing that reliably found the facts.

AFFIRMED IN PART and REMANDED IN PART.