943 F.2d 56
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel NUNES, Defendant-Appellant.
 No. 89-50464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1991.*
Decided Sept. 6, 1991.
 
 Before WALLACE, Chief Judge and GOODWIN and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joel Nunes appeals his conviction and sentence for conspiracy to possess with intent to distribute heroin and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 846 & 841(a)(1) (1988). We affirm.
 
 
 3
 Nunes contends that the district court erred in determining that his post-arrest statements were voluntary and that his Miranda waiver was valid. We review the voluntariness of a confession and of a Miranda waiver de novo. See Collazo v. Estelle, No. 88-2443, slip op. at 8877 (9th Cir. July 18, 1991) (en banc); Terrovona v. Kincheloe, 852 F.2d 424, 428 (9th Cir.1988), cert. denied, 111 S.Ct. 1631 (1991). However, we review historical and subsidiary facts, even if they are dispositive of the question of voluntariness, for clear error. See Collazo, slip op. at 8878. Finally, we review whether a defendant's Miranda waiver was knowing and intelligent for clear error. Derrick v. Peterson, 924 F.2d 813, 823 (9th Cir.1990).
 
 
 4
 1. Nunes Was Not Beaten or Threatened.
 
 
 5
 Nunes claims to have been beaten and threatened by the FBI agents who arrested, searched, and questioned him. The district court, after conducting an evidentiary hearing on the motion to suppress, found that Nunes had not been threatened or beaten. Nunes argues that this factual finding is unsupported. Nunes contends that independent evidence supports the conclusion that he was beaten and threatened. Nunes states that photos were taken of him holding his head and that in those photos he appeared to be in pain; that his shirt was ripped to shreds; that FBI agents saw Nunes crying and in pain; that he had made repeated complaints to Agent Sanchez that Agent Flores had kicked him and that his ear hurt; and that he claims to have been threatened before and during the interview to confess or things would go badly for him.
 
 
 6
 Despite these claims, however, there is no direct evidence which corroborates Nunes' testimony. Nunes had no visible physical indications that he had been beaten. Further, there is testimony by the arresting agents which directly counters Nunes' accusations. Agent Guerrero stated, in his declaration, that except for the force used by him in first subduing Nunes, no one else used any force against Nunes or threatened him in any way. Two other FBI agents, including Agent Sanchez, gave similar declarations. Even though Nunes claims to have been crying and upset after his arrest, Agent Sanchez testified that Nunes was calm and did not appear to have difficulty understanding him.
 
 
 7
 The determination of whether Nunes was beaten or threatened is a factual inquiry which turns on the credibility of the witnesses. The district court is in a superior position to make factual determinations, especially with regard to "its unique ability to evaluate the credibility of witnesses." United States v. Prieto-Villa, 910 F.2d 601, 609 (9th Cir.1990). The district court evaluated the conflicting testimonies of Nunes and the FBI agents and found that Nunes was not beaten. This is a subsidiary fact relevant to the question of voluntariness and one which we review for clear error. Nunes has not shown that the findings of the district court were clearly erroneous.
 
 
 8
 2. Nunes' Statement Was Not the Product of Psychological Coercion Resulting From an Unusually Rough Arrest.
 
 
 9
 Nunes contends that even if this court finds that he was not beaten or threatened, we must still find his statements involuntary because they were the product of psychological pressures resulting from what Nunes claims was an unusually rough arrest. Townsend v. Sain, 372 U.S. 293, 307 (1963) (a confession is involuntary if coerced either by physical intimidation or psychological pressure.).
 
 
 10
 Nunes states that the arrest was unusually rough, citing the same factors used to support his contention that he had been threatened and beaten. Nunes also claims that because he is unsophisticated and uneducated he did not understand what was going on, and therefore was more susceptible to police coercion. This argument is not convincing.
 
 
 11
 Nunes was arrested during the commission of an undercover drug operation involving a great deal of heroin. The arrest occurred at night when visibility was poor. It is not uncommon for police to have their guns drawn when making an arrest. At the moment Nunes was spotted all commands for him to stop and get down on the ground were given to him in Spanish. When Nunes refused to obey the order to lie down, Agent Guerrero had no choice but to force Nunes to the ground and handcuff him. There is no doubt that the police used physical force to subdue Nunes. The force used, however, was justified under the circumstances. A finding of whether an arrest is unusually violent is a subsidiary fact reviewed for clear error, and the district court's finding that Nunes' arrest was not unusually violent is not clearly erroneous.
 
 
 12
 3. Nunes' Claim That His Confession and Waiver Were Involuntary Is Unsupported
 
 
 13
 The district court's findings on subsidiary facts related to Nunes' claim of involuntariness are dispositive of this claim. Because they were not clearly erroneous we accept them as true. Thus, because Nunes was not beaten or arrested in an unusually violent manner and because no other facts support a finding that Nunes was coerced in any way, we find that both his confession and his Miranda waiver were voluntary.
 
 
 14
 4. Nunes Understood His Miranda Rights and Made a Knowing Waiver.
 
 
 15
 Even if Nunes' Miranda waiver was voluntary, it also must be made knowingly and intelligently. See Colorado v. Spring, 479 U.S. 564, 573 (1987); Collazo, slip op. at 8878-79. Nunes claims that his waiver was not knowingly or intelligently made because he was in pain and emotionally distraught when he waived his Miranda rights.
 
 
 16
 Nunes' arrest and subsequent questioning was not unusual or coercive in nature. Nunes, though upset at being arrested, was not emotionally incapacitated. Nunes was read his rights in Spanish. Nunes indicated that he understood these rights and but agreed to talk to Sanchez anyway. Nunes also signed a waiver form. Nunes had ample opportunity to invoke his right to remain silent or to have an attorney present. Because there is conflicting testimony regarding Nunes' mental state, and because Nunes has not provided any concrete evidence to the contrary, we do not find the district court's conclusion that Nunes' waiver was made knowingly and intelligently to be clearly erroneous.
 
 
 17
 5. The Defendant Failed to Object to the Findings
 
 
 18
 Nunes contends that the district court incorrectly determined the amount of heroin involved in the conspiracy when calculating Nunes' base offense level under the Sentencing Guidelines. However, Nunes did not object to this determination at sentencing. In United States v. Visman, this court held that a defendant who fails to present the issue of sentencing error in district court waives the right to challenge that error on appeal. 919 F.2d 1390, 1394 (9th Cir.1990). Accordingly, he waived the point unless it falls within an exception.
 
 
 19
 We have held that the issue of erroneous sentencing may be raised on appeal for the first time if:
 
 
 20
 (1) there are "exceptional circumstances" why the issue was not raised in the trial court, (2) the new issue arises while the appeal is pending because of a change in the law, or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court.
 
 
 21
 United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990).
 
 
 22
 The second exception to the waiver rule may be called upon in a case of plain error. United States v. Lopez-Cavasos, 915 F.2d 474 (9th Cir.1990).
 
 
 23
 In the present case, Nunes does not satisfy any of the elements required to persuade this court to address this issue on appeal. Therefore, because this issue is not properly before us, we decline to address its merits.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3