48 F.3d 1230
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Timothy WATTS, Plaintiff-Appellant,
v.
Danny SANTOS; et al., Defendants-Appellees.
 No. 94-35141.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Timothy Watts, an Oregon state prisoner, appeals pro se the district court's dismissal under 28 U.S.C. Sec. 1915(d) of his civil rights action. Watts alleged that the defendants, members of the Oregon Board of Parole, wrongfully refused to grant him parole. Watts also appeals the district court's denial of his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992) (28 U.S.C. Sec. 1915(d) dismissal); Terrell v. Brewer, 935 F.2d 1015, 1007 (9th Cir.1991) (appointment of counsel). We affirm.
 
 
 3
 The district court's sua sponte dismissal of a complaint as frivolous is proper if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991).
 
 
 4
 Here, Watts alleged that the defendants violated his right to equal protection under the law by denying him parole. Watts seeks money damages and an injunction prohibiting defendants from deferring his parole. The district court found the defendants were entitled to absolute immunity from suit for their actions taken when processing parole applications. Thus, the district court dismissed Watts's claim as legally frivolous. The district court, however, did construe Watts's complaint as a petition for writ of habeas corpus and gave Watts thirty days to file a habeas petition clearly alleging the exhaustion of state remedies.
 
 
 5
 Since the district court's decision in this case, the Supreme Court decided Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Heck, the Court held a prisoner's 42 U.S.C. Sec. 1983 cause of action for damages attributable to unlawful imprisonment does not accrue until the sentence or fact of imprisonment has been invalidated. Heck, 114 S.Ct. at 2373. Heck, however, reaffirmed the holding that when a prisoner challenges the fact or duration of his or her confinement, the exclusive federal remedy is a writ of habeas corpus. Heck, 114 S.Ct. at 2369; see also Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991).
 
 
 6
 Thus, because Watts's allegations necessarily imply that his incarceration is unlawful and because Watts did not show that his sentence has been invalidated by a state or federal court, the district court was required to dismiss his claim for damages. See Heck, at 2372-73. Accordingly, Watts's claim for damages is legally frivolous at this time and the district court properly dismissed this claim.[1] See id.; Neitzke, 490 U.S. at 325. Ordinarily, we would vacate the district court's judgment and remand with instructions to enter judgment dismissing this claim without prejudice so that Watts can refile his complaint should he succeed in challenging the legality of his continued confinement. However, because the named defendants are entitled to absolute immunity,[2] as the district court correctly found, there is no need to remand this claim.
 
 
 7
 To the extent that Watts challenges the duration of his sentence, his exclusive federal remedy is a writ of habeas corpus. See Heck, 114 S.Ct. at 2369; Badea, 931 F.2d at 574. Thus, the district court properly construed his complaint as a habeas corpus petition. See Franklin v. Oregon, 662 F.2d 1337, 1347-48 & n. 13 (9th Cir.1981); Padilla v. Ackerman, 460 F.2d 477, 478 (9th Cir.1972); Bennett v. Allen, 396 F.2d 788, 790 (9th Cir.1968). Nevertheless, because Watts failed to allege exhaustion of available state remedies, the district court properly dismissed Watts's claim without prejudice. See 28 U.S.C. Sec. 2254(b), (c); McQuown v. McCarthy, 795 F.2d 807, 809 (9th Cir.1986) (per curiam).
 
 
 8
 Watts also contends that the district court erred by denying his motion for appointed counsel. There is no constitutional right to appointed counsel in section 1983 actions. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir.1981). Although a district court has the discretion to appoint counsel for indigent litigants, see 28 U.S.C. Sec. 1915(d), the district court may do so only in exceptional circumstances, Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986). To determine whether exceptional circumstances exist, the court must evaluate both (1) the likelihood of success on the merits, and (2) the petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Id. Because Watts's 42 U.S.C. Sec. 1983 claims were dismissed as legally frivolous, the district court did not abuse its discretion by denying Watts's motion for appointed of counsel. See id.
 
 
 9
 Furthermore, we conclude the district court did not abuse its discretion by requiring Watts to file a habeas corpus petition setting forth his grounds for relief before deciding whether to appoint counsel. Title 18 U.S.C. Sec. 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. Sec. 3006A(a)(2)(B). Unless an evidentiary hearing is required, the decision to appoint counsel in a 28 U.S.C. Sec. 2254 proceeding is within the discretion of the district court. Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir.1988); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983) (per curiam). Because Watts failed to file a habeas corpus petition setting forth the grounds for relief, the district court was unable to evaluate his request for the appointment of counsel. See Terrovona, 852 F.2d at 429; Weygandt, 718 F.2d at 954. Therefore, the district court did not abuse its discretion by declining to appoint counsel under 18 U.S.C. Sec. 3006A(a)(2)(B). See Terrovona, 852 F.2d at 429; Weygandt, 718 F.2d at 954.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In reviewing decisions of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993)
 
 
 [2]
 See Bermudez v. Duenas, 936 F.2d 1064, 1066 (9th Cir.1991); Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981)