50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank R. BORDERS, Petitioner-Appellant,
v.
Janet BARBOUR, Superintendent, Respondent-Appellee.
 No. 94-35653.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank R. Borders, a Washington state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Borders challenged his 1981 conviction for rape and his 1983 conviction for assault. Borders contends that the district court: (1) erred by granting respondent's motion to dismiss on the grounds of abuse of the writ and procedural default; (2) failed to accord his petition the proper standard of review; (3) erred in refusing to appoint counsel and (4) abused its discretion in failing to conduct an evidentiary hearing. We have jurisdiction under 28 U.S.C. Sec. 2253 and affirm.
 
 
 3
 Borders filed his first federal habeas petition on April 17, 1992, in which he raised four claims; Borders argued that: (1) his guilty plea was involuntary; (2) the state violated the plea agreement because Borders received an exceptional sentence for the assault conviction; (3) the state violated the plea agreement because Borders received consecutive sentences for his two convictions; and (4) the trial court sentenced Borders twice for the same offense. The district court dismissed the first three claims as procedurally barred and dismissed the fourth claim for failure to exhaust state remedies. Borders filed his second habeas petition on November 17, 1993. In his second petition, Borders argued that: (1) his sentence was excessive because it was not authorized by statute; (2) his sentence was excessive because it violated equal protection; and (3) the trial court sentenced Borders twice for the same offense by imposing consecutive terms. The district court dismissed the first two claims as abusive and dismissed the third claim as procedurally barred.
 
 
 4
 Borders contends that the district court erred in dismissing his first two claims under the abuse of the writ doctrine. This contention lacks merit.
 
 
 5
 We review the district court's dismissal of abusive habeas claims for abuse of discretion, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1994). A petitioner may abuse the writ of habeas corpus if he raises a new claim in a subsequent habeas petition that he could have raised in his first habeas petition. Rule 9(b), 28 U.S.C. foll. Sec. 2254; McCleskey v. Zant, 499 U.S. 467, 489 (1991). The state bears the initial burden of pleading abuse of the writ. McCleskey, 499 U.S. at 494. The state satisfies its burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. Id. The burden then shifts to the petitioner to show cause for failing to raise the claim earlier and prejudice resulting from the errors of which he complains. Id.; Campbell, 997 F.2d at 524.
 
 
 6
 If the petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result. McCleskey, 499 U.S. at 494-95. "A fundamental miscarriage of justice occurs in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.' " Harris v. Vasquez, 949 F.2d 1497, 1515 (9th Cir.1990) (citing McCleskey, 499 U.S. at 494), cert. denied, 112 S.Ct. 1275 (1992). In order to meet this narrow exception, the petitioner must supplement his claim of constitutional error with a colorable claim of factual innocence. McCleskey, 499 U.S. at 495; Clark v. Lewis, 1 F.3d 814, 821 (9th Cir.1993).
 
 
 7
 Here, the state met its burden of pleading abuse of the writ by noting Borders' prior writ history, identifying Borders' new claims and alleging abuse of the writ. See McCleskey, 499 U.S. at 494. Borders does not dispute that he has raised new claims for the first time in a second federal habeas petition.
 
 
 8
 Borders contends that he has demonstrated cause sufficient to excuse his failure to raise these claims in his earlier petition because of "his lack of legal competence." This contention lacks merit because a habeas petitioner's pro se status does not constitute "cause." See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (explaining that pro se petitioner is accountable for procedural default even if he was illiterate). Furthermore, Borders has not alleged that his case falls into the narrow "fundamental miscarriage of justice" exception because he has not made a colorable showing of factual innocence. See McCleskey, 499 U.S. at 494-95. Accordingly, the district court did not abuse its discretion in dismissing Borders' first two claims as abusive. See id. at 489; Campbell, 997 F.2d at 516.
 
 
 9
 Borders contends that the district court erred in dismissing his third claim as procedurally barred because the Washington Supreme Court never considered the merits of this claim. This contention lacks merit.
 
 
 10
 We review the district court's dismissal of a procedurally barred habeas claim de novo. Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir.1990). When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir.1993).
 
 
 11
 Following, the dismissal of Borders' double jeopardy claim for failure to exhaust state remedies, the Washington Supreme Court held that this claim was barred under Wash.Rev.Code Sec. 10.73.140 (1990) and Wash.R.App.P. 16.4(d).[1] Thus, Borders is barred from federal habeas review unless he can show cause and prejudice or a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; Noltie, 9 F.3d at 805. Borders failed to allege any facts supporting a finding of either cause for his default or a fundamental miscarriage of justice. Accordingly, the district court properly dismissed Borders' third claim as procedurally barred. See Coleman, 501 U.S. at 750; Noltie, 9 F.3d at 806.
 
 
 12
 Borders contends that the district court failed to accord his petition the proper standard of review. This contention lacks merit since the district court applied the relevant law in dismissing Borders' petition. See Coleman, 501 U.S. at 750; McCleskey, 499 U.S. at 494-95.
 
 
 13
 Borders contends that the district court abused its discretion in denying his motion for the appointment of counsel. This contention lacks merit because the district court did not abuse its discretion since it was unlikely that Borders could have succeeded on the merits of his claims. See Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir.1988) (explaining that unless evidentiary hearing required, district court's decision is reviewed for abuse of discretion); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983) (per curiam) (district court must evaluate likelihood of success on merits as well as petitioner's ability to articulate claims in light of complexity of issues).
 
 
 14
 Borders contends that the district court abused its discretion in dismissing his petition without conducting an evidentiary hearing. This contention lacks merit since Borders failed to allege any facts that would entitle him to habeas relief. See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. In his request for oral argument, Borders argues for the first time that he was denied the effective assistance of counsel during the trial court proceedings. We need not consider this issue, since Borders failed to present this issue to the district court. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wash.Rev.Code Sec. 10.73.140 provides in relevant part:
 If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition.