76 F.3d 388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chester W. ADAMS, Defendant-Appellant.
 No. 94-35988.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chester W. Adams, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion. Adams contends that the district court erroneously denied Adams's four ineffective assistance of counsel claims without providing either an opportunity for discovery or an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88, 692 (1984). Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 692.
 
 1. Severance
 
 4
 Adams contends that his attorney was ineffective for failing to move for severance. This contention lacks merit because Adams has shown neither that he would have been entitled to severance nor the probability that the result of his trial would have been different had he been tried separately.
 
 
 5
 Generally, defendants jointly charged are jointly tried. United States v. Hernandez, 952 F.2d 1110, 1114 (9th Cir.1991), cert. denied, 113 S.Ct. 334 (1992); see also United States v. Freeman, 6 F.3d 586, 598 (9th Cir.1993) (joint trial particularly appropriate when co-defendants are charged with conspiracy), cert. denied, 114 S.Ct. 1661 and cert. denied, 114 S.Ct. 2177 (1994); United States v. Patterson, 819 F.2d 1495, 1501 (9th Cir.1987) (joinder of co-defendant appropriate when offenses arose out of same series of transactions). A defendant seeking severance has the burden of proving such clear, manifest, or undue prejudice from a joint trial that the defendant was denied a fair trial. See United States v. Vasquez-Velasco, 15 F.3d 833, 845-46 (9th Cir.1994); see also United States v. Plache, 913 F.2d 1375, 1378 (9th Cir.1990) (prejudice must outweigh dominant concern of judicial economy).
 
 
 6
 Here, Adams was tried with his co-defendant Jack Dickie on charges of conspiracy to racketeer and commit wire fraud, arising out of a scheme to insure, then murder, three of Dickie's business associates and thereafter profit from the distribution of the insurance proceeds. In addition, the government charged Dickie with racketeering, wire fraud, and interstate transportation of property stolen by fraud.
 
 
 7
 Adams has not established that he was denied a fair trial because of his attorney's failure to move for severance. See Vasquez-Velasco, 15 F.3d at 845-46. Joinder was especially appropriate because Adams and Dickie were charged with conspiracy and Adams's offenses arose out of the same series of transactions. See Freeman, 6 F.3d at 598; Patterson, 819 F.2d at 1501. Even if Adams had received a separate trial, Dickie's statements would have been admissible to the extent they were co-conspirator statements made during the course and in furtherance of the conspiracy. See Fed.R.Evid. 801(d)(2)(E); United States v. Mkhsian, 5 F.3d 1306, 1312 (9th Cir.1993). Accordingly, Adams fails to show that he was prejudiced by his counsel's alleged ineffectiveness. See Strickland, 466 U.S. at 692; see also Vasquez-Velasco, 15 F.3d at 845-46.[1]
 
 
 8
 2. Testimony Concerning Co-defendant's Incarceration
 
 
 9
 Adams contends that counsel was ineffective for precluding Adams from testifying that he assisted Dickie while Dickie was incarcerated on unrelated offenses. This contention lacks merit because Adams has not shown how this testimony would have helped him. See Fed.R.Evid. 402 (irrelevant evidence inadmissible). Accordingly, Adams fails to show any prejudice from his attorney's alleged ineffectiveness. See Strickland, 466 U.S. at 692.
 
 
 10
 3. Witness's Photographic Identification of Co-Defendant
 
 
 11
 Adams contends that his attorney was ineffective because he failed to move to suppress a taxi driver's photographic identification of Dickie. This contention lacks merit as Adams has not shown how this testimony affected his right to a fair trial. See United States v. Candoli, 870 F.2d 496, 507 (9th Cir.1989). Accordingly, Adams cannot show that he was prejudiced by his attorney's alleged ineffectiveness. See Strickland, 466 U.S. at 692.
 
 4. Hearsay/Confrontation Clause Violations
 
 12
 Adams contends that his attorney was ineffective for failing to object on Sixth Amendment grounds to the admission of the business card of one of the victims.[2] This contention lacks merit because the business card contained sufficient indicia of reliability to make it admissible over any hearsay or Confrontation Clause objections. See Terrovona v. Kincheloe, 852 F.2d 424, 427 (9th Cir.1988) (no Confrontation Clause violation where declarant's statement was within firmly-rooted hearsay exception showing declarant's intent to perform future act); United States v. Pheaster, 544 F.2d 353, 376-80 (9th Cir.1976) (declarant's statement of intent to perform future act would be admissible under Fed.R.Evid. 803(3)), cert. denied, 429 U.S. 1099 (1977). Accordingly, Adams fails to show prejudice arising out of his attorney's alleged ineffectiveness. See Strickland, 466 U.S. at 492.
 
 5. Evidentiary Hearing
 
 13
 Because, Adams factual allegations in support of his ineffective assistance of counsel claims would not entitle him to relief, the district court properly denied Adams's § 2255 motion without providing either an opportunity for discovery or an evidentiary hearing. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990); Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Adams also argues that the district court erred by allowing the jury to make the preliminary factual findings necessary for the admission of co-conspirator statements. We decline to address this issue because Adams failed to raise it before the district court. See United States v. Haggard, 41 F.3d 1320, 1329 (9th Cir.1994)
 
 
 [2]
 Robert Ermey, one of the victims, left a business card in his hotel room with writing on the back that read, "Brentwood, Saltair, and Sunset, a grey Cadillac, Jack D. to pick me up at 2:30." At the time, Adams owned a gray Cadillac and lived less than a mile from this intersection