UNITED STATES of America,
Plaintiff—Appellee,

v.

**Martin Antonio CANALES–FUENTES,**
Defendant—Appellant.

No. 05–50308.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2006.*

Filed April 21, 2006.

Fed. R.App. P. 34(a)(2).

Jennifer T. Manion, Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Joanna P. Baltes, Office of the U.S. Attorney, Frederick M. Carroll, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: WARDLAW and
RAWLINSON, Circuit Judges, and
CEBULL,** District Judge.

MEMORANDUM ***

Martin Antonio Canales–Fuentes ("Canales") appeals his conviction for possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.

■ 1. *Preclusion of a Defense.* The district court's limitation on Canales's introduction of self-serving custodial statements did not preclude him from presenting a defense so as to violate the Fifth Amendment's due process clause. Canales testified at trial, telling the jury precisely the same story reflected in his custodial statements. The jury was not entirely "precluded ... from hearing material evidence of his innocence." *See Chia v. Cambra,* 360 F.3d 997, 1004 (9th Cir.2004). Moreover, Canales's custodial statements were uncorroborated and lacked indicia of reliability. *Compare Chambers v. Mississippi,* 410 U.S. 284, 300, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Chia,* 360 F.3d at 1004–06. Nor did the court err in precluding Canales from eliciting these statements on cross-examination of government witnesses. *See United States v. Ortega,* 203 F.3d 675, 682 (9th Cir.2000).

■ 2. *Prior Consistent Statements.* We also reject Canales's argument that his custodial statements were not hearsay because they were prior consistent state-

ments "offered to rebut an express or implied charge ... of recent fabrication or improper influence or motive." Fed. R.Evid. 801(d)(1)(B). The defect in this argument is that, although Canales was impeached, the government did not allege recent fabrication. *See Tome v. United States,* 513 U.S. 150, 157, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995). Moreover, Canales's prior statements were made after his motive to testify falsely arose, when he was in police custody and marijuana had been found in his truck. *See United States v. Bao,* 189 F.3d 860, 864 (9th Cir. 1999); *United States v. Collicott,* 92 F.3d 973, 979 (9th Cir.1996).

■ 3. *Hearsay Exceptions.* Canales's last argument, that his custodial statements were admissible under either of four hearsay exceptions, also fails. The statements were not a "present sense impression," Fed.R.Evid. 803(1), because they did not describe or explain an event, but rather provided an excuse for his lack of knowledge and an alibi for his trip to the United States. Moreover, the statements were not "contemporaneous with the incident described and made with little chance for reflection." *See Bemis v. Edwards,* 45 F.3d 1369, 1372 (9th Cir.1995). Nor do they qualify as "excited utterances," Fed.R.Evid. 803(2), because Canales was not under the "stress of excitement" caused by a startling event when he made them. Canales had time to reflect before he spoke; he was described by the investigating officer as calm and cooperative; and the only stress he was under was that inherent in police interrogation. *See United States v. Alarcon–Simi,* 300 F.3d 1172, 1175–76 (9th Cir.2002).

■ The district court did not abuse its discretion by refusing to admit Canales's

** The Honorable Richard F. Cebull, United States District Judge for the District of Montana, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

statement that he was planning to surprise his brother in Indio as a statement of Canales's "then-existing state of mind" as to future intent. Fed.R.Evid. 803(3); *Mutual Life Ins. Co. v. Hillmon*, 145 U.S. 285, 296–300, 12 S.Ct. 909, 36 L.Ed. 706 (1892); *United States v. Pheaster*, 544 F.2d 353, 374–80 (9th Cir.1976). First, this is not a case where "the performance of a particular act by an individual is an issue." *Terrovona v. Kincheloe*, 852 F.2d 424, 427 (9th Cir.1988). Second, the probative value of the statement was severely diminished because it was not contemporaneous and was made only after the motive for misrepresentation arose. *See United States v. Ponticelli*, 622 F.2d 985, 991 (9th Cir.1980), *rejected on other grounds by United States v. De Bright*, 730 F.2d 1255 (9th Cir.1984).

■ Finally, Canales's custodial statements do not fall within the business records exception, Fed.R.Evid. 803(6), or under the public records exception, Fed.R.Evid. 803(8). Statements in officers' reports can never be introduced in criminal trials for their truth. *See United States v. Pena–Gutierrez*, 222 F.3d 1080, 1086–87 (9th Cir.2000). Moreover, Canales's statements were themselves hearsay, creating "hearsay within hearsay." Because Canales's statements were not subject to a hearsay exception, they were not admissible at trial simply because they were included in a police report. *See Pena–Gutierrez*, 222 F.3d at 1087–88; *United States v. Pazsint*, 703 F.2d 420, 424–25 (9th Cir.1983).

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.