NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS J. HILL,<br> Petitioner-Appellant,<br><br> v.<br><br>JOE A. LIZARRAGA, Warden,<br> Respondent-Appellee. | No. 16-55137<br><br>D.C. No.<br>8:15-cv-00399-JAK-KS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted July 10, 2018
Pasadena, California

Before: FISHER,** WATFORD, and FRIEDLAND, Circuit Judges.

Petitioner Curtis Hill assaulted and robbed 77-year-old Cecil Warren, who

then slipped into a coma and was placed on life support. When Warren passed

away while still on life support four years later, Petitioner was convicted of felony

murder on the basis that pneumonia caused by Warren's intubation led to his death.

*See* Cal. Penal Code §§ 187(a), 189. After Petitioner's state conviction was

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

affirmed on direct review, he filed a habeas petition in federal court. Petitioner now raises three arguments on appeal from the district court's dismissal of his petition. We reject these arguments and **AFFIRM**.

First, it was not clearly unreasonable for the state court to conclude that it was permissible under the Confrontation Clause for the state's medical experts to discuss the findings of a non-testifying neuropathologist during their testimony on the cause of Warren's death. Given the confusion engendered by the Supreme Court's fractured decision in *Williams v. Illinois*, 567 U.S. 50 (2012), "'fairminded jurists could disagree' on the correctness" of the state court's decision to allow testimony discussing the non-testifying neuropathologist's report. *See Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Williams*, 567 U.S. at 141 (Kagan, J., dissenting) (describing the holding of *Williams* as "to be frank—who knows what").

Second, the district court did not err by declining to consider two new medical expert reports that Petitioner submitted to the district court approximately six months after filing his petition. Because the reports were filed without any explanation of how or when Petitioner acquired them or of which claims they were meant to support, the district court had no reason to believe that any claim based on these reports would be either timely or exhausted. Even after the magistrate judge expressly faulted Petitioner for failing to explain the circumstances

2

surrounding the reports or why he did not submit them earlier, Petitioner made no mention of them in his objections to the magistrate judge's Report and Recommendations.[1]

Finally, Petitioner cannot show "that the interests of justice" required that the district court appoint Petitioner counsel to pursue a claim based on the newly submitted medical reports.[2] *See* 18 U.S.C. § 3006A(a)(2). Even accepting Petitioner's argument that this case involves complex medical and procedural issues, the district court refused to recognize any new claim based on the reports because Petitioner did not explain the circumstances surrounding their acquisition or belated filing—not because Petitioner was unable to untangle the legal issues in this case.

**AFFIRMED.**

---

[1] We note, however, that we are not opining on whether Petitioner might still be able to pursue an ineffective assistance of counsel claim—or any other claim supported by the medical reports—in a state court habeas proceeding. *See In re Sanders*, 981 P.2d 1038, 1042 (Cal. 1999) (explaining that California will "excuse delay" for "a litigant mounting a collateral challenge to a final criminal judgment" "on a showing of good cause").

[2] We have repeatedly held that appointment of counsel is discretionary "[u]nless an evidentiary hearing is required." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986); *see also Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Petitioner does not suggest that an evidentiary hearing was necessary here, but instead argues that he was entitled to counsel to assist him with "effective discovery" under Rule 6(a) of the Rules Governing Section 2254 cases. Even assuming that Petitioner's interpretation of that rule is correct, discovery should not have been necessary for Petitioner to be able to explain how he acquired the new medical reports.