**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| VERNON A. THOMPSON, JR. and FLORIA M. GRIFFIN, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JANSSEN PHARMACEUTICALS, INC. a/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., and JOHNSON & JOHNSON, INC. <br><br> Defendants-Appellees. | No.  17-56769 <br><br> D.C. No. 2:16-cv-02628-PSG-AGR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Phillip S. Gutierrez, District Judge, Presiding

Submitted March 5, 2019**
Pasadena, California

Before:  FERNANDEZ and OWENS, Circuit Judges, and DONATO,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

Plaintiffs Vernon A. Thompson, Jr. and his mother, Floria M. Griffin, (together, "Thompson") appeal from the district court's order denying their motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). The district court also granted summary judgment in favor of defendants Janssen Pharmaceuticals, Inc. and Johnson & Johnson (together, "Janssen"), but Thompson does not appeal the summary judgment order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We have "long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court, and its order will not be reversed unless the District Court has abused its discretion." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). When ruling on a motion for voluntary dismissal without prejudice, the district court "must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citations omitted). Legal prejudice is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Id*. at 97. A district court may consider whether the plaintiff has asked for a voluntary dismissal to avoid a likely adverse ruling. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

Here, the district court considered permissible factors in evaluating prejudice and denying the Rule 41(a)(2) motion. The district court found that granting the

2

motion might require Janssen to face litigation on this claim in state court although it had already engaged in substantial discovery and reached the summary judgment stage in federal court. The district court noted that Thompson had offered no expert disclosures or expert reports to support his product liability claims against Janssen, and filed the Rule 41(a)(2) motion only after becoming aware that Janssen would seek summary judgment. The district court also found that Thompson had not adequately explained why he delayed so long in requesting a voluntary dismissal to refile in a similar state court proceeding that he had known about for many months. Because the district court's determinations were not based on an erroneous view of the law or a clearly erroneous assessment of the facts, it did not abuse its discretion.

**AFFIRMED**.