NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAMON ORTIZ PEREZ, Petitioner-Appellant, v. GISELLE MATTESON, Respondent-Appellee. | No. 19-16471 D.C. No. 3:17-cv-06398-RS MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted January 14, 2022[**]
San Francisco, California

Before: GOULD, NGUYEN, and BENNETT, Circuit Judges.

Ramon Ortiz Perez appeals from the district court's judgment denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. Reviewing the denial of habeas relief de novo, *see Walden v. Shinn*, 990 F.3d 1183, 1188 (9th Cir. 2021), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.   Ortiz Perez fails to show actual prejudice from any Confrontation Clause error when the state trial court admitted testimony about his gang membership from the prosecution's gang expert.  *See Davis v. Ayala*, 576 U.S. 257, 268 (2015) ("[T]he federal court [must have] 'grave doubt about whether [the] error . . . had "substantial and injurious effect or influence in determining the jury's verdict."'" (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995))).[1]  The gang expert's challenged testimony either did not negatively impact Ortiz Perez's heat-of-passion defense or else other witnesses' nonhearsay showed the same facts.

The gang expert's testimony that certain unrelated offenses were committed by other members of Sur Santos Pride ("SSP") to show the statutory gang enhancement, *see* Cal. Penal Code § 186.22(e)–(f), had scant relevance to Ortiz Perez's state of mind when he killed Adam Esparza.  Insofar as this testimony suggested SSP is a violent gang that physically attacks its perceived enemies, Eduardo Yanez provided direct evidence of this when he testified that SSP members stabbed him while he was in jail.

---

[1] The California Court of Appeal's harmless error determination was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), merely because the court did not explicitly consider all the factors discussed in *Olden v. Kentucky*, 488 U.S. 227 (1988).  The prejudice analysis is case-specific, and the relevant considerations vary.  *See Olden*, 488 U.S. at 233 ("Whether [a Confrontation Clause] error is harmless in a particular case depends upon a host of factors . . . .").

The gang expert's testimony regarding Ortiz Perez's active gang membership did not impair the defense. Multiple witnesses with firsthand knowledge—including Ortiz Perez himself—testified that prior to killing Esparza, Ortiz Perez was an SSP member who had gang tattoos, wore clothes with gang colors, and used gang terms. Ortiz Perez admitted that he remained an active gang member after his arrest.

The gang expert's testimony about Norteño gang members stabbing Ortiz Perez when he was 14 years old did not impair the defense. Ortiz Perez himself testified at length about this incident and its effect on him, and his expert relied on it in opining that "he reacted emotionally" when he attacked Esparza. To the extent the prosecution used the gang expert's testimony to argue that Ortiz Perez lied about when he joined SSP, Ortiz Perez admitted that he had a gang tattoo more than a year before he was stabbed. The gang expert's testimony that Ortiz Perez refused to cooperate with the police investigation because he did not want to be labelled a snitch had little if any relevance to Ortiz Perez's motive for stabbing Esparza two years later.

2.  Ortiz Perez also fails to show actual prejudice from any Confrontation Clause error when the state trial court prohibited defense counsel from questioning the gang expert about the basis for his opinion that Ortiz Perez "committed the crime . . . to raise [SSP's] reputation." Defense counsel wanted to ask the gang

3

expert about Ortiz Perez's statements to the police that "he didn't know what had happened," "he wasn't thinking clearly," and "he was pretty pissed off," so as "to illustrate that [the gang expert] based his opinion on . . . limited information" or "cherry-pick[ed] facts." However, the California Court of Appeal reasonably concluded that "defense counsel was able to elicit from [the defense expert] the very essence of the testimony that [counsel] wanted to elicit from [the gang expert]."

3. Ortiz Perez challenges the district court's denial of his request to appoint counsel, which we review for abuse of discretion.[2] *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). The district court applied the correct legal standard, *see* 18 U.S.C. § 3006A(a)(2)(B), and did not clearly err in finding that the interests of justice did not require the appointment of counsel.

4. We decline to issue a certificate of appealability on Ortiz Perez's remaining claims—that cumulative Sixth Amendment error prejudiced him and that the jury instruction allowing consideration of gang evidence regarding heat of passion denied him due process by authorizing an irrational inference. Ortiz Perez has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] This claim does not require a certificate of appealability. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009).

4

**AFFIRMED.**